DA 12-0423

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 248N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

BRIAN JOSEPH SPINKS,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Ninth Judicial District,
                     In and For the County of Toole, Cause No. DC 11-027
                     Honorable Laurie McKinnon, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

                Wade Zolynski, Chief Appellate Defender; Nicholas Domitrovich, Assistant
                Appellate Defender; Helena, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General; C. Mark Fowler, Assistant
                Attorney General; Helena, Montana

                Merle Raph, Toole County Attorney, Shelby, Montana


                              Submitted on Briefs:  August 7, 2013
                                    Decided:  September 3, 2013

Filed:

                                  _____
                                       Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Brian Joseph Spinks (Spinks) appeals his felony conviction for violation of an order of protection in the Ninth Judicial District Court, Toole County. We affirm.

¶3 The State of Montana (State) charged Spinks with one felony count of violation of order of protection pursuant to § 45-5-626, MCA, on January 11, 2011, in Gallatin County. Spinks' ex-wife, Stephanie Archuleta (Archuleta), contacted the Gallatin County Victim Services regarding letters that she had received from two inmates at the Crossroads Correctional Center (CCC) in Shelby. Spinks was housed as an inmate at CCC at that time. The State dismissed the charges in Gallatin County and refiled them in Toole County. The State timely filed a notice of intent to seek persistent felony offender status, pursuant to § 46-18-501, MCA.

¶4 Spinks filed a motion to suppress evidence of prior bad acts based on his belief that police investigative materials that the State had disclosed contained extensive references to Spinks' prior bad acts or unfavorable character evidence. The State clarified that it did not intend to "elicit testimony of specific incidents of any physical abuse or mental cruelty" on the part of Spinks. The State informed the jury during opening statements that Spinks passed around Archuleta's home address to other inmates and told them to write to her as a means to

"threaten[] her or harass[] her" to "[r]each[] out the one way he could still hold some power over her, over this gal that was his ex-wife, and . . . get at her one more time."

¶5      Archuleta testified at trial about her state of mind as a result of receiving these letters from the inmates.  Archuleta pointed to the fact that Spinks had threatened her during their marriage that he would have others rape or murder her to explain the basis for her fear of Spinks.  The District Court overruled Spinks' objection to the testimony.  The District Court explained that Archuleta's brief statement of a ten-year history between her and Spinks proved more probative than prejudicial as a reflection of the nature of Archuleta's fear of Spinks.  The District Court further rejected Spinks' request for a limiting instruction.  The jury convicted Spinks and the District Court sentenced him as a persistent felony offender to an 18-year commitment to the Department of Corrections.  The court also ordered Spinks to pay fees and surcharges in the amount of $1,998.83.  Spinks appeals.

¶6      Spinks argues on appeal that the District Court improperly admitted Archuleta's testimony as the State intended it to infer Spinks' propensity to commit the charged offense.  Spinks argues, in the alternative, that the potential prejudice of Archuleta's testimony outweighed any probative value under M. R. Evid. 403.  Spinks further contends that the District Court failed to inquire as to Spinks' ability to pay fees and surcharges that the District Court imposed.

¶7      We review for abuse of discretion a district court's decision to admit evidence.  *State v. Guill*, 2010 MT 69, ¶ 21, 355 Mont. 490, 228 P.3d 1152.  We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as

amended in 2006, that provides for memorandum opinions.  The District Court did not abuse

its discretion in admitting Archuleta's testimony as probative of whether Spinks violated the

order of protection by contacting Archuleta indirectly through the other two inmates.  Spinks

failed to object to the District Court's imposition of the fines and surcharges.

¶8      Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BETH BAKER