FILED

July 21 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0662

DA 14-0662

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 206N

BRIAN SPINKS,

        Plaintiff and Appellant,

   v.

STATE OF MONTANA,

        Defendant and Appellee.


APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Toole, Cause No. DV-14-03
Honorable Robert G. Olson, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

        Brian Spinks (Self-Represented), Deer Lodge, Montana

      For Appellee:

        Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

        Merle Raph, Toole County Attorney, Shelby, Montana


Submitted on Briefs:  June 24, 2015
Decided:  July 21, 2015

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Brian Spinks appeals from the District Court's "Order Denying Petition for Post Conviction Relief," filed October 2, 2014. We affirm.

¶3    In 2011 the State charged Spinks with violating an order of protection, a felony. The offense occurred while Spinks was in prison for an earlier offense, and arose from his providing the name and address of his ex-wife so that other inmates could contact her by mail. The State sought to have Spinks treated as a persistent felony offender. In February 2012 a jury in Toole County convicted Spinks of the offense. The District Court later sentenced Spinks to a prison term of eighteen years. Spinks appealed and this Court affirmed the conviction in 2013. *State v. Spinks*, 2013 MT 248N.

¶4    Spinks, appearing pro se, filed the instant petition for postconviction relief in January 2014. The District Court found thirteen issues expressly or implicitly contained in Spinks' materials and considered each separately. The District Court found that each of Spinks' grounds for relief was either procedurally barred or insufficiently supported by law or fact, or both.

2

¶5 On appeal Spinks argues that the District Court should have provided him an opportunity to file an amended petition to raise or refine several additional issues. We agree with the State that there is no showing that Spinks requested an opportunity to amend his petition. The District Court was not required to do so. Section 46-21-105(1)(a), MCA.

¶6 Spinks argues that his rights were violated during the trial when he was forced to wear restraints. While the State did not respond to this issue, the District Court considered it and found that it had been raised at the trial court and should have been raised on direct appeal. The District Court also found that Spinks' assertions about the restraints were "conclusory and unsubstantiated" and were therefore insufficient to support a claim for postconviction relief. We agree. Spinks has not explained why the restraints were in place nor, importantly, what restraints were in place during what portions of the proceedings. The District Court correctly dismissed this claim for relief.

¶7 Spinks contends that his attorneys at both trial and on appeal rendered ineffective assistance. The District Court examined the claims and determined that those related to failing to investigate or offer impeachment evidence were part of the direct appeal of Spinks' conviction and could not be re-litigated. As to the other claims, the District Court concluded that many of them involved reasonable tactical decisions and that Spinks had generally failed to meet the heavy burden of demonstrating that his attorneys' performances fell outside the range of reasonable conduct. We agree with the District Court's assessment of Spinks' claims and that they were properly dismissed.

3

¶8    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, this case presents questions controlled by settled law or by the clear application of applicable standards of review.

¶9    Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE